UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Eric Kvamme,

    Defendant.

ORDER
Crim. No. 17-92 (MJD)

Melinda A. Williams, Assistant United States Attorney, Counsel for Plaintiff.

Craig E. Cascarano, Cascarano Law Office, Counsel for Defendant.

The matter is before the Court on Defendant's Motion for Order for Credit for Time Served [Doc. No. 81].

## I. Background

The Defendant was charged in an eight count Indictment with four counts of bank fraud and four counts of aggravated identity theft in violation of 18 U.S.C. §§ 1344(2) and 1028A. On August 30, 2017, the Defendant entered a plea of guilty to Counts 2 and 6 – one count of bank fraud and one count of aggravated identity theft. Following his plea, the Defendant entered into and

successfully completed an in-patient treatment program at Minnesota Teen Challenge. He was in the program from May 5, 2017 to May 25, 2018.

At sentencing, the Court determined that the applicable guideline range for Count 2 was 27 to 33 months. The Court further found that Count 6 was subject to a mandatory 24-month sentence that must run consecutive to any other sentence. The Defendant was sentenced to a prison term of one day on Count 2, and 24 months on Count 6, to run consecutive to the one-day sentence for Count 2. The Court further ordered that the Defendant shall be given credit for time served at Minnesota Teen Challenge.

## II.     Motion for Credit for Time Served

The Defendant has moved for an order to be given credit for time served, as set forth in the Judgment and Commitment. He has been notified that his release date is May 28, 2020, which reflects that he is not being given credit for time served.

Pursuant to 18 U.S.C. § 3585(b):

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

**(1)** as a result of the offense for which the sentence was imposed; or

> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

In <u>Reno v. Koray</u>, the Supreme Court held that "official detention" under § 3585(b) does not refer to time confined to a community treatment center. 515 U.S. 50, 52 (1995). The Court held that credit for time served is "available only to those defendants who were detained in a 'penal or correctional facility.' . . . and who were subject to [the Bureau of Prison]'s control." <u>Id.</u> at 58. <u>See</u> <u>also</u> <u>United States v. Parris</u>, 741 F.3d 919, 921-22 (8th Cir. 2014) (finding that following the decision in <u>Koray</u> a defendant was not entitled to time served at a halfway house where defendant not subject to BOP control).

In this case, following his plea of guilty, the Court released the Defendant on Bond Conditions. Therefore, it appears he is not entitled to credit for time served at Minnesota Teen Challenge pursuant to § 3585(b).

In <u>United States v. Wilson</u>, 503 U.S. 329, 334 (1992), the Court held that 18 U.S.C. 3585(b) "does not authorize a district court to compute the credit at sentencing." Following <u>Wilson</u>, the law is clear that a sentencing court cannot order the BOP to award credit. <u>See</u> <u>In re: United States Bureau of Prisons</u>, 918

3

F.3d 431, 439 (5th Cir. 2019) ("Because the district court lacks the authority to award or deny credit, the BOP is not bound by its decision."). The court can reduce the defendant's sentence under § 5G1.3(b) or § 5K2.23, but "it cannot simply order the BOP to award credit." Id. See also, United States v. Jacinto-Gonzalez, 727 F. Appx. 613 (11th Cir. 2018) (recognizing that the BOP computes credit for time served); United States v. Woods, 717 F.3d 654, 658 (8th Cir. 2013) (same); United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004) (finding that the court could not apply section 3585(b) to compute credit, because computing credit must occur after the defendant begins serving his sentence). Because Defendant was sentenced to a statutory mandatory sentence of 24 months, the Court could not reduce the sentence to provide credit for time served at Minnesota Teen Challenge.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Credit for Time Served [Doc. No. 81] is DENIED.

Date: September 12, 2019

/s Michael J. Davis
Michael J. Davis
United States District Court